**Opinion filed September 12, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-18-00353-CV

_____

## AMANDA MARIE COCI AND HEART OF TEXAS EMS, INC., D/B/A HEART OF TEXAS EMS, Appellants

## V.

## APRIL DOWER, Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CV1801020**

## O P I N I O N

This is an accelerated interlocutory appeal in a personal injury lawsuit that April Dower filed against Amanda Marie Coci and Heart of Texas EMS, Inc., d/b/a Heart of Texas EMS. In the trial court, Appellants claimed that Dower's lawsuit constituted a health care liability claim and moved to dismiss Dower's suit because she failed to serve an expert report and curriculum vitae pursuant to

Section 74.351(a) of the Texas Medical Liability Act (TMLA). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (West 2017). The trial court denied the motion, and this interlocutory appeal followed. We affirm.

In her lawsuit, Dower alleged that she was injured in a single vehicle accident that occurred while her minor daughter was being taken from Abilene Regional Medical Center to Cook Children's Medical Center in Fort Worth, where the child was to undergo a medical procedure. Dower's daughter was being transported in a Heart of Texas ambulance. Amanda Marie Coci, a Heart of Texas EMS employee, was the driver of the ambulance. Dower accompanied her daughter in the ambulance; Dower was neither a patient nor a recipient of any care. While en route, the ambulance left the roadway and collided with the protective barrier in the median between the eastbound and westbound lanes of Interstate Highway 20.

Dower sued Appellants for negligence and gross negligence, seeking damages for injuries she allegedly suffered as a result of the incident. Dower's daughter is not a party to this suit and did not assert any claims or seek any damages. Dower alleged that Coci fell asleep while driving, which allegedly caused the ambulance to leave the roadway and strike the barrier.

In the negligence cause of action, Dower alleged that Coci (1) failed to keep a proper outlook, (2) failed to turn the ambulance to avoid the collision, (3) failed to give adequate warning, (4) failed to adequately use the brakes, (5) drove at an unsafe speed, (6) failed to maintain a safe distance, (7) failed to maintain a single lane, and (8) failed to monitor oncoming traffic.

The issue in this appeal is whether Dower's claims constitute health care liability claims under the TMLA. If so, then Dower was required to serve an expert report and curriculum vitae in accordance with Section 74.351(a) of the TMLA.

The TMLA defines a health care liability claim as:

[A] cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

CIV. PRAC. & REM. § 74.001(a)(13). If Dower's claims constitute health care liability claims, then the trial court should have granted the motion filed by Appellants and dismissed Dower's claims with prejudice because she did not file or serve an expert report within 120 days of Appellants filing their original answer. *See id.* § 74.351(b).

Whether a claim is a health care liability claim under the TMLA is a question of law that we review de novo. *Scott v. Weems*, 575 S.W.3d 357, 363 (Tex. 2019). In our review, we focus on the underlying nature of the cause of action, not the label given to the claim in the pleadings. *Id.* (explaining that "a party cannot avoid Chapter 74's requirements and limitations through artful pleading"); *see also Tex. W. Oaks Hosp., LP v. Williams*, 371 S.W.3d 171, 176 (Tex. 2012) ("In seeking to distinguish ordinary negligence claims from [health care liability claims], the heart of these cases lies in the nature of the acts or omissions causing claimants' injuries and whether the events are within the ambit of the legislated scope of the TMLA.").

Appellants argue that Dower's claims implicate the "safety" prong of Section 74.001(a)(13). Since "safety" is not defined by the TMLA, the Texas Supreme Court defined the common meaning of "safety" as the "condition of being untouched by danger; not exposed to danger; secure from danger, harm or loss." *Ross v. St. Luke's Episcopal Hosp.*, 462 S.W.3d 496, 501 (Tex. 2015) (internal quotation marks omitted). The court further explained that a safety standards-based claim against a health care provider constitutes a health care liability claim under the

TMLA if there is "a substantive nexus between the safety standards allegedly violated and the provision of health care"; the alleged departure need not actually be "directly related" to health care. *Ross*, 462 S.W.3d at 504. In other words, "[t]he pivotal issue in a safety standards-based claim is whether the standards on which the claim is based implicate the defendant's duties as a health care provider, including its duties to provide for patient safety." *Id.* at 505.

Because the line between a safety standards-based claim that is not a health care liability claim and one that is a health care liability claim may not always be clear, the court in *Ross* identified a nonexclusive list of considerations that inform a determination as to whether such a claim is substantively related to the defendant's provision of medical or health care, which we paraphrase as follows:

1. Whether the alleged negligence occurred in the course of the defendant's performing tasks with the purpose of protecting patients from harm;

2. Whether the alleged injuries occurred in a place where patients were receiving care, so that the obligation of the provider to protect persons who require medical care was implicated;

3. Whether the claimant was seeking or receiving health care when the alleged injuries occurred;

4. Whether the claimant was providing or assisting in providing health care when the injuries occurred;

5. Whether the alleged negligence arises from safety standards that are part of the professional duties owed by the health care provider;

6. If an instrumentality was involved in the defendant's alleged negligence, whether it was a type used in providing health care; and

7. Whether the alleged negligence implicated safety-related requirements set for health care providers by governmental or accrediting agencies.

*See id.* at 505. The Texas Supreme Court and the First Court of Appeals have further noted another relevant consideration: the extent to which expert testimony from a

health care professional is feasible or necessary to support the claim. *See Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 848 (Tex. 2005) ("The necessity of expert testimony from a medical or health care professional to prove a claim may also be an important factor in determining whether a cause of action is an inseparable part of the rendition of medical or health care services."); *City of Houston v. Hussein*, No. 01-18-00683-CV, 2019 WL 1246417, at *8 (Tex. App.—Houston [1st Dist.] Mar. 19, 2019, no pet. h.). We find this consideration helpful in our analysis of the case before us.

When we examine those factors or considerations, we focus on the essence of the cause of action. *Bain v. Capital Senior Living Corp.*, No. 05-14-00255-CV, 2015 WL 3958714, at *3 (Tex. App.—Dallas June 30, 2015, pet. denied) (mem. op.). Are the claims ordinary negligence claims or are they health care liability claims as contemplated by the legislature when it provided for health care liability claims in the TMLA? *Tex. W. Oaks Hosp.*, 371 S.W.3d at 176. When we focus on the essence of the cause of action, we "consider the alleged wrongful conduct and the duties allegedly breached." *Diversicare*, 185 S.W.3d at 851.

The essence of Dower's negligence cause of action is not found in standards that arise from professional duties owed by Appellants as health care providers. Rather, Dower alleged that Coci failed to follow the rules of the road: negligent motor vehicle operation. *See Hussein*, 2019 WL 1246417, at *9. Dower has not asserted that Coci violated any safety standards arising from Appellants' status as alleged health care providers. Although the injuries occurred in a health care setting, "the mere location of an injury in a health care facility or in a health care setting does not bring a claim based on that injury within the TMLA so that it is [a health care liability claim]." *Ross*, 462 S.W.3d at 504–05. Appellants have failed to show a

substantive nexus between Coci's negligent driving, the safety standards allegedly violated in this case, and the provision of health care. *See id.* at 505.

The dissent relies upon *Bain* and upon *Sherman v. HealthSouth Specialty Hospital, Inc.*, 397 S.W.3d 869, 872–74 (Tex. App.—Dallas 2013, pet. denied), to support the statement that he "would hold that there is a substantive nexus to the provision of health care when a patient or a passenger escorting that patient is injured while being transported in an ambulance to a medical facility." Although we agree that the statement would be true in certain cases, with all due respect, we believe that the statement deserves some limitation. That limitation must lie in the consideration of whether the essence of the claim is one for ordinary negligence or one for a health care liability claim. We do not believe that the fact that an ambulance was involved automatically morphs all claims into health care liability claims. We would point out that in *Bain* and *Sherman*, two of the cases upon which the dissent relies, the essence of the claims involved a failure to properly secure the claimants in wheelchairs before transporting the claimants; the manner in which the ambulance was being driven was not the essence of either cause of action.

In this case, the legal duties allegedly violated apply to every driver on the road; they are not unique to a health care provider driving an ambulance. *See Hussein*, 2019 WL 1246417, at *9 (citing *Ross*, 462 S.W.3d at 505; *Galvan v. Mem'l Hermann Hosp. Sys.*, 476 S.W.3d 429, 431–33 (Tex. 2015)). It was Appellants' burden in the trial court to show that the essence of Dower's cause of action was a health care liability claim. *See Reddy v. Veedell*, 509 S.W.3d 435, 438 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (burden is on the putative health care provider "to prove that the [claimant's] causes of action are health care liability claims for which an expert report was required"). Based on the record before us, Appellants did not meet that burden.

6

We hold that the essence of Dower's cause of action is one for ordinary negligence and is not a health care liability claim. Dower was, thus, not required to satisfy the expert report requirements of the TMLA. We overrule Appellants' sole issue on appeal.

We affirm the order of the trial court.

JIM R. WRIGHT

SENIOR CHIEF JUSTICE

September 12, 2019

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.